

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN



| | | |
|---|---|---|
| ROY MUNOZ, | * | 19-51557 |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Subpoena issued in: |
| | * | Case No. 2017-cv-0881WPJ/SCY |
| FCA US LLC (FIAT CHRYSLER | * | Pending In The U.S. District Court |
| AUTOMOBILES US LLC, f/d/b/a | * | For the District of New Mexico |
| CHRYSLER DODGE and JOHN DOE | * | |
| CORPORATIONS, | * | FILED |
| | * | NOV 1 2 2019 |
| Defendants. | * | CLERK'S OFFICE DETROIT |

---

## PLAINTIFF'S RESPONSE TO NON-PARTY ZF ACTIVE SAFETY AND ELECTRONICS US LLC'S MOTION TO QUASH SUBPOENA

---

COMES NOW Roy Munoz, who is the Plaintiff in the lawsuit filed in the United States

District Court for the District of New Mexico, Case No. 2017-cv-0881 WPJ/SCY[1].

**BACKGROUND:**

In November, 2016, Plaintiff, while performing his duties as an employee of the United

States Forest Service (Carson National Forest), was driving a 2012 Dodge Ram 1500. Early in

the morning, Plaintiff was driving his assigned vehicle when he struck a large Elk head on. The

Elk had appeared immediately in front of his vehicle and he did not have time to brake before

hitting the Elk. The seatbelt did not restrain the Plaintiff and the front driver's side airbag did not

deploy. Plaintiff's body, head and face were thrown forward into the steering column and front

---

[1]The Movant in this matter, ZF Active Safety, improperly identifies the core action as
2017-cv-0881 KBM/SCY. This designation is not correct. It refers to United States Magistrate
Judge Molzen as the lead judge. In fact the case was transferred some time ago to United States
District Judge William P. Johnson.

dashboard assembly.  The Plaintiff suffered severe injuries as a result including permanent brain damage.  He has been permanently disabled from work.

The seatbelt retention system and airbag system have been installed in Dodge Ram 1500 and 2500 pickups since at least 2009.  There was a recall in 2017 of the 2013 through 2016 Ram 1500 and 2500 pickups and 2014 through 2016 Ram 3500 pickups ("the Recall").  The Recall was prompted because of reports that the seatbelt retention system and airbag system in these vehicles was defective.

Recently, the Plaintiff has learned that the Occupant Restraint Control ("ORC"), which was manufactured by non-party TRW Automotive U.S., LLC, which now identifies itself as ZF Active Safety and Electronics U.S., LLC, which was installed in the Plaintiff's vehicle along with tens of thousands of other vehicles, is defective.  (See, e.g., Altier, et al. v. ZF-TRW Automotive Holdings Corp., et al., U.S.D.C. Central District Of California, Case No. 8:19-cv-00846).  As permitted and required under New Mexico law, Plaintiff is entitled to sue the Defendant in this case, FCA U.S., LLC, as the supplier of a defective produce.  Once this information came to light, Plaintiff issued a subpoena to TRW and communicated with attorneys from the law firm of Weinstein, Tippetts & Little, LLP, out of Houston, Texas, which firm, coincidentally, operates out of the same City and State as does the attorneys representing Defendant FCA in this case.  (See, Exhibit D to TRW's Motion To Quash).  The original subpoena commanded that TRW Representatives appear at their corporate headquarters.  (Exhibit No. 1 hereto).  Pursuant to the request of Philip R. McDaniel, an attorney with the Weinstein Firm, Plaintiff issued an Amended Subpoena to have the deposition taken at the headquarters of FCA's national discovery counsel.  (Exhibit No. 2 hereto).  After this, TRW filed the Motion to quash the subpoena which is before

this Court.

Plaintiff, Mr. Munoz, asks that this Court defer this matter to the United States District Court for the District of New Mexico as the proper forum with proper jurisdiction to resolve this issue.

<u>**LEGAL ARGUMENT:**</u>

This Court is not the Court where compliance is required. The Subpoena was issued under the power and authority of the United States District Court for the District of New Mexico and was accepted on that basis. The fact that TRW, apparently in cooperation with Defendant FCA, agreed to move the deposition to FCA's national discovery counsel's headquarters is irrelevant. This is a New Mexico subpoena issued by a New Mexico Court. The subpoena does not require public disclosure of privileged material. Any claimed privilege can be easily protected by the discovery order previously entered in the New Mexico case. (*See*, Exhibit 3 hereto - USDC Case No. 17-cv-0881 WPJ/SCY, filed September 26, 2018. Document No. 29, United States District Court for the District of New Mexico).

The bottom line is that the Subpoena was accepted by a Texas law firm from the New Mexico District Court. Under Fed. R. Civ. P. 45(f), a court where compliance is required, may "transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Technically, compliance with the subpoena should be conducted in New Mexico. Again, as a courtesy to TRW's Texas counsel, Plaintiff agreed to have the subpoena complied with in Michigan at FCA's national discovery headquarters, but this does not change the issue.

The Texas law firm that accepted service of the Subpoena has attorneys who have been

admitted to practice in New Mexico. The firm which accepted service of the Subpoena, Weinstein, Tippetts & Little, LLC, has at least three (3) attorneys who have been admitted to practice in New Mexico. These are David B. Weinstein, Deborah A. Clinebell and Alexcis Nell. (*See,* E-mail from Tony Horvat, Customer Service/Facilities Coordinator, State Bar of New Mexico - Exhibit 4 hereto).

Any confidentiality order entered to protect TRW's supposed proprietary interests must be issued by the court where the main action is pending. This means that the dispute raised by TRW regarding the confidentiality order must be resolved in New Mexico. This is not only a matter of practicality, but also falls under the "Exceptional Circumstances" clause of Rule 45(f). Discovery in this case commenced in August, 2018. In the time that has passed, there have been no fewer than four (4) motions to compel, all of which have either been granted in part or in whole, or consented to by FCA. Now Plaintiff, who again suffers from permanent disability and irrevocable brain damage, will be forced to file yet another motion regarding production of the vital information from TRW. United States Magistrate Judge Steven C. Yarborough has heard all of the motions to compel and is intimately familiar with the facts and circumstances regarding the obstructionist tactics that have been used to thwart Plaintiff's attempts to get the basic information needed to prove Plaintiff's case. This matter should be decided by the federal court in New Mexico to maintain continuity and to preserve the integrity of the "search for the truth" which is the heart of judicial system and theory of justice.

WHEREFORE Plaintiff Roy Munoz respectfully requests that this Court refer non-party ZF Active Safety And Electronic US, LLC's Motion To Quash Subpoena to the United States District Court for the District of New Mexico and for such further relief as the Court deems just

and proper.

Respectfully submitted,

LAW OFFICES OF JAMES P. LYLE, P.C.

*/s/   James P. Lyle, Attorney*
James P. Lyle
Attorney for Plaintiff Roy Munoz
1116 Second Street, N.W.
Albuquerque, New Mexico   87102
(505) 843-8000 - Telephone
(505) 843-8043 - Facsimile
pennname@prodigy.net

I hereby certify that a true copy of the foregoing
pleading was served upon all counsel of record
via first class mail and this pleading was sent, via
first class mail, postage paid, for submission to the
United States District Court For the Eastern District Of
Michigan this 5th day of November, 2019.

*/s/   James P. Lyle, Attorney*
James P. Lyle

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROY MUNOZ,

        Plaintiff,

vs.                           Cause No. 2017-cv-0881WPJ/SCY

FCA US LLC (FIAT CHRYSLER AUTOMOBILES
US LLC, f/d/b/a CHRYSLER/DODGE
and JOHN DOE CORPORATIONS,

        Defendants.

<u>NOTICE OF DEPOSITION DUCES TECUM - TRW DESIGNATED REPRESENTATIVE</u>

TO:   ZF TRW AUTOMOTIVE HOLDINGS CORP.
       12001 Tech Center Drive
       Livonia, MI 48150
       ATTN: Sarah Kirkwood, In House Counsel

YOU ARE HEREBY NOTIFIED Pursuant to the provisions of Rule 30(B)(6) of the Federal

Rules of Civil Procedure, that Plaintiff Roy Munoz, by and through his counsel of record, the Law

Offices of James P. Lyle, P.C. (James P. Lyle, Esquire), will take the deposition of the

**DESIGNATED REPRESENTATIVE(S) OF TRW** and are commanded to produce the person or

persons most knowledgeable regarding the following subjects:

1.    The source code used in the Occupant Restraint Controller (ORC) in any Dodge 2012 Ram
     1500 pickup trucks (hereinafter "The Subject Vehicle")

2.    All communications between TRW and FCA US LLC, its agents, employees or
     representatives regarding the vehicle speed and weight of targets for wild game testing in the
     Subject Vehicle.

3.    All communications with FCA US LLC, its agents, employees or representatives, regarding
     thresholds or inadvertent deployment of airbags or inadvertent engagement of seatbelt
     pretentioners regarding the Subject Vehicle.

-1-

**EXHIBIT 1**

4.   The impact algorithm and predefined calibration used by the OCR in the Subject Vehicle to deploy airbags and/engage seatbelt pretentioners.

5.   The coding and programming used to send signals to the Data Event Recorder in the Subject Vehicle signaling that the Data Event Recorder should record an event.

6.   All records of "events" sent to FCA US LLC related to OCR functioning crash tests of the Subject Vehicle.

7.   The calibration algorithm used in the 2012 Dodge Ram 1500 pickup trucks and all other vehicles with the same OCR which evaluate the acceleration data sent to the OCR.

8.   The source code for all of the algorithms used to program the 2012 Dodge Ram 1500 pickup truck OCR.

9.   All communications from or to FCA US LLC regarding FCA's requirements for programming and/or function of the OCR in the Subject Vehicle.

The deposition(s) is/are to be upon oral examination before a notary public and court reporter from

the offices of JMS Court Reporting Services, on **Tuesday, October 8, 2019,** commencing at **10:00**

**a.m.,** and continuing until complete, at the offices of ZF TRW Automotive Holdings Corp., 12001

Tech Center Drive, Livnoia, MI 48150 - (734) 855-2600.

YOU ARE FURTHER NOTIFIED that Plaintiff, Roy Munoz, may use this deposition at

trial pursuant to the Federal Rules of Civil Procedures, including, but not limited to, Rule 30 and

Rule 32.

LAW OFFICES OF JAMES P. LYLE, P.C.

*/s/   James P. Lyle, Attorney*
James P. Lyle
Attorney for Plaintiff Roy Munoz
1116 Second Street N.W.
Albuquerque, NM   87102
(505) 843-8000  - Telephone

-2-

I hereby certify that a true copy of the foregoing
pleading was served upon all counsel of record by
faxing and mailing a copy of the same to them
respectively, this 3rd day of September, 2019 and that a
Certificate of Service, as to the same, has been filed
with the U.S. District Court for the District of New Mexico.

/s/  *James P. Lyle, Attorney*
James P. Lyle

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of New Mexico

| | | |
|---|---|---|
| ROY MUNOZ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2017-cv-0881 WPJ/SCY |
| FCA US LLC (FIAT CHRYSLER AUTOMOBILES US LLC), f/d/b/a CHRYSLER/DODGE and JOHN DOES | ) ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        ZF TRW Automotive Holdings Corp, 12001 Tech Center Drive, Livonia, MI  48150

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment

| Place: 12001 Tech Center Drive<br>Livonia, MI  48150<br>1-734-855-2600 | Date and Time:<br>10/08/2019 10:00 am |
|---|---|

The deposition will be recorded by this method:      Stenography (Court Reporter)

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

              *CLERK OF COURT*

                                                      OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Roy Silva Munoz
_____ , who issues or requests this subpoena, are:

James P. Lyle, Esquire, 1116 Second Street N.W., Albuquerque, NM  87102 (505) 843-8000  -  Telephone

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2017-cv-0881 WPJ/SCY

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____              _____
                                           *Server's signature*

                                           _____
                                           *Printed name and title*

                                           _____
                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**TESTIMONY & PRODUCTION BY SUBPOENA AND DEPOSITION NOTICE**:

ZF TRW Automotive Holdings Corp. is hereby commanded to produce the person or persons most knowledgeable regarding the following subjects:

1.     The source code used in the Occupant Restraint Controller (ORC) in any Dodge 2012 Ram 1500 pickup trucks (hereinafter "The Subject Vehicle")

2.     All communications between TRW and FCA US LLC, its agents, employees or representatives regarding the vehicle speed and weight of targets for wild game testing in the Subject Vehicle.

3.     All communications with FCA US LLC, its agents, employees or representatives, regarding thresholds or inadvertent deployment of airbags or inadvertent engagement of seatbelt pretentioners regarding the Subject Vehicle.

4.     The impact algorithm and predefined calibration used by the OCR in the Subject Vehicle to deploy airbags and/engage seatbelt pretentioners.

5.     The coding and programming used to send signals to the Data Event Recorder in the Subject Vehicle signaling that the Data Event Recorder should record an event.

6.     All records of "events" sent to FCA US LLC related to OCR functioning crash tests of the Subject Vehicle.

7.     The calibration algorithm used in the 2012 Dodge Ram 1500 pickup trucks and all other vehicles with the same OCR which evaluate the acceleration data sent to the OCR.

8.     The source code for all of the algorithms used to program the 2012 Dodge Ram 1500 pickup truck OCR.

9.     All communications from or to FCA US LLC regarding FCA's requirements for programming and/or function of the OCR in the Subject Vehicle.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROY MUNOZ,

        Plaintiff,

vs.                            Cause No. 2017-cv-0881WPJ/SCY

FCA US LLC (FIAT CHRYSLER AUTOMOBILES
US LLC, f/d/b/a CHRYSLER/DODGE and JOHN DOE
CORPORATIONS,

        Defendants.

<u>NOTICE OF DEPOSITION DUCES TECUM - TRW DESIGNATED REPRESENTATIVE</u>

TO:    ZF ACTIVE SAFETY AND ELECTRONICS US, LLC
       (Formerly Known As TRW Automotive U.S., LLC)
       c/o Philip R. McDaniel, Esquire
       Weinstein Tippetts & Little, LLP
       7500 San Felipe, Suite 500
       Houston, TX 77063

       YOU ARE HEREBY NOTIFIED Pursuant to the provisions of Rule 30(B)(6) of the Federal

Rules of Civil Procedure, that Plaintiff Roy Munoz, by and through his counsel of record, the Law

Offices of James P. Lyle, P.C. (James P. Lyle, Esquire), will take the deposition of the

**DESIGNATED REPRESENTATIVE(S) OF ZF ACTIVE SAFETY AND ELECTRONICS US,**

**LLC (formerly Known As TRW Automotive U.S., LLC)** and are commanded to produce the

person or persons most knowledgeable regarding the following subjects:

1.    The source code used in the Occupant Restraint Controller (ORC) in any Dodge 2012 Ram
      1500 pickup trucks (hereinafter "The Subject Vehicle")

2.    All communications between TRW and FCA US LLC, its agents, employees or
      representatives regarding the vehicle speed and weight of targets for wild game testing in the
      Subject Vehicle.

-1-

**EXHIBIT 2**

3.  All communications with FCA US LLC, its agents, employees or representatives, regarding thresholds or inadvertent deployment of airbags or inadvertent engagement of seatbelt pretentioners regarding the Subject Vehicle.

4.  The impact algorithm and predefined calibration used by the OCR in the Subject Vehicle to deploy airbags and/engage seatbelt pretentioners.

5.  The coding and programming used to send signals to the Data Event Recorder in the Subject Vehicle signaling that the Data Event Recorder should record an event.

6.  All records of "events" sent to FCA US LLC related to OCR functioning crash tests of the Subject Vehicle.

7.  The calibration algorithm used in the 2012 Dodge Ram 1500 pickup trucks and all other vehicles with the same OCR which evaluate the acceleration data sent to the OCR.

8.  The source code for all of the algorithms used to program the 2012 Dodge Ram 1500 pickup truck OCR.

9.  All communications from or to FCA US LLC regarding FCA's requirements for programming and/or function of the OCR in the Subject Vehicle.

The deposition(s) is/are to be upon oral examination before a notary public and court reporter from the offices of Carroll Court Reporting Services, on **Wednesday, October 23, 2019,** commencing at **9:00 a.m.**, and continuing until complete, at the offices of Bush Seyferth PLLC, 100 W. Big Beaver Road, Suite 400, Troy, MI 48084 - (248) 822-7800.

YOU ARE FURTHER NOTIFIED that Plaintiff, Roy Munoz, may use this deposition at trial pursuant to the Federal Rules of Civil Procedures, including, but not limited to, Rule 30 and Rule 32.

LAW OFFICES OF JAMES P. LYLE, P.C.

/s/   *James P. Lyle, Attorney*
James P. Lyle
Attorney for Plaintiff Roy Munoz
1116 Second Street N.W.
Albuquerque, NM   87102
(505) 843-8000  - Telephone

-2-

I hereby certify that a true copy of the foregoing
pleading was served upon all counsel of record by
faxing and mailing a copy of the same to them
respectively, this 8th day of October, 2019 and that a
Certificate of Service, as to the same, has been filed
with the U.S. District Court for the District of New Mexico.

/s/   *James P. Lyle, Attorney*
James P. Lyle

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of New Mexico

| | |
|---|---|
| ROY MUNOZ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   2017-cv-0881 WPJ/SCY |
| FCA US, LLC, et al | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Designated Representative - ZF Active Safety And Electronics US, LLC (Formerly TRW Automotive US, LLC)

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment

| Place: Bush, Seyferth PLLC<br>100 W. Bigg Beaver Road, Suite 400<br>Troy, MI 48084 | Date and Time:<br>     10/23/2019 9:00 am |
|---|---|

     The deposition will be recorded by this method:    Stenographer/Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/08/2019

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ James P. Lyle, Esquire |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Roy Munoz
_____ , who issues or requests this subpoena, are:
James P. Lyle, Esquire, 1116 2nd Street NW, Albuquerque, NM 87102 / pennname@prodigy.net/(505) 843-8000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2017-cv-0881 WPJ/SCY

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows: ZF Active Safety And

Electronics US, LLC c/o Philip R. McDaniel, Esquire, 7500 San Felipe, Suite 500, Houston, TX 77063

philip.mcdaniel@wtllaw.com                                    on *(date)*     10/08/2019     ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$          45.00          .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date:     10/08/2019                              /s/  Judith M. Seff
                                                        *Server's signature*

                                                    Judith M. Seff
                                                  *Printed name and title*
                                              1116 2nd Street N.W.
                                              Albuquerque, NM  87102
                                              (505) 843-8000  -  Telephone

                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROY MUNOZ,

        Plaintiff,

vs.

                              Cause No. 17-cv-0881 WJ/SCY

FCA US LLC (FIAT CHRYSLER AUTOMOBILES
US LLC, f/d/b/a CHRYSLER/DODGE
and JOHN DOE CORPORATIONS,

        Defendants.

## STIPULATED PROTECTIVE ORDER

        The parties having stipulated to the entry of this Protective Order, and the Court otherwise being advised;

        IT IS ORDERED that the following provisions and conditions shall govern the parties:

        1.     This Protective Order shall control the disclosure and dissemination of documents and information. Any party to this case or any producing non-party, shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing that:

      a)  contains trade secrets, competitively sensitive, research, development, proprietary, technical, marketing, financial, sales or other confidential business information;

      b)  contains private or confidential personal information;

      c)  contains information received in confidence from third parties; or

      d)  any portion of a party's response that contains trade secret or other confidential, research, development or commercial information, or information otherwise considered confidential under applicable law by marking the material, in a manner that will not interfere with its legibility.

1

**EXHIBIT 3**

2.      The material will be marked "This document is subject to a Protective Order in *Roy Munoz v. FCA US LLC.*"

3.      In any deposition, if the deponent's testimony is deemed confidential, a party will notify opposing counsel in writing of the page and line numbers of the testimony deemed confidential within 30 days of receiving the deposition transcript. Any testimony read from or directly referencing confidential documents is automatically deemed to be confidential, including any confidential documents that are used as deposition exhibits.

4.      Any confidential information that a party provides to another party may be disclosed only to that party and/or immediate employees of that party's trial counsel's law firm, and other individuals legitimately assisting in the preparation of this case for trial such as a party's co-counsel, consultants, and experts.

5.      Any recipient of confidential information shall not disclose the confidential information to any other person to whom disclosure is not authorized by the terms of this Protective Order and shall not use such confidential information for purposes other than preparation of this action for trial. Any recipient of confidential information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of confidential information in order to ensure that its confidential nature is maintained.

6.      Any recipient of confidential information, by accepting its receipt, agrees to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to the confidential information and/or this Protective Order, including, but not limited to, any proceeding relating to the enforcement of this Protective Order.

7.      Any recipient of confidential information, prior to its receipt, shall be furnished with a copy of this Protective Order, and shall execute the acknowledgment letter attached as Exhibit A, certifying that the recipient will not disclose confidential information to any person to whom

2

disclosure is not authorized by the terms of this Protective Order, that the recipient will not use any confidential information in any way whatsoever other than for purposes of this action, and that the recipient has read this Protective Order and agrees to be bound by its terms. The original of each acknowledgement letter shall be maintained by counsel for that party and furnished to counsel for the producing party upon the conclusion of this litigation.

8. There shall be no reproduction or copying of confidential information except for those people authorized to receive information pursuant to this Protective Order after execution of the acknowledgement letter.

9. Any confidential information required to be filed with the Court shall be marked "Confidential" and filed under seal under applicable court rules, with the Clerk of the Court and shall be available for inspection only by the Court and by persons authorized by this Protective Order to receive such confidential information. Such documents or information shall be filed only in sealed envelopes, on which shall be endorsed the caption of this action, an indication of the contents, and the following designation:

CONFIDENTIAL

> This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing use of confidential discovery material. The envelope shall not be opened or the contents thereof displayed or revealed except by order of the Court. Violation hereof may be regarded as contempt of Court.

10. Information designated as "Confidential" may be referred to by a party in notices, motions, briefs, or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such information shall be used, however, for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and protected from dissemination and, where filing is necessary, a motion to seal shall be sought from the Court.

3

11.     If, at the time of trial, a party intends to introduce into evidence any information designated as Confidential, that party shall give timely notice of such intention to the Court and counsel for the producing party may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information.  The party claiming information is confidential shall have the burden of proving that confidentiality.

12.     After the conclusion of this action, this Protective Order shall continue to apply to all confidential information provided by a party and the Court shall retain jurisdiction over all recipients of such confidential information for purposes of enforcing the provisions of this Protective Order.

13.     All documents and copies of documents designated as Confidential shall be returned to the producing party at the conclusion of this case.  This paragraph shall require the return of the original materials produced, together with all photocopies, duplicates, abstracts, or reproductions of such materials.

14.     The terms of this Protective Order do not preclude FCA US from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration ("NHTSA"), either voluntarily or in connection with FCA US's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act"), 49 U.S.C. § 30101, et seq.

15.     In the event that a party disagrees with the producing party's designation of any item as Confidential and subject to this Protective Order, the party shall send a written notice to the producing party within 10 days of receipt specifying the items in question.  In the event that the parties cannot reach an agreement concerning the confidentiality of the item, the party opposing continued confidentiality shall proceed to file a motion with this Court seeking a determination whether the items are properly subject to this Protective Order.  Any such items shall continue to be

4

treated as confidential and subject to this Protective Order until such time as this Court rules that the items are not entitled to confidential treatment.

16.     Neither plaintiff(s) nor defendant(s) or their respective counsel, experts, or other persons retained by them to assist in the preparation of this action shall under any circumstances, sell, offer for sale, advertise, or publicize the contents of confidential information.

_Steve Vaughan_

UNITED STATES MAGISTRATE JUDGE

5

SO STIPULATED:


LAW OFFICES OF JAMES P. LYLE, P.C.

/s/ James P. Lyle
James P. Lyle, Esquire
1116 Second Street N.W.
Albuquerque, NM   87102
(505) 843-8000  - Telephone
(505) 843-8043  - Facsimile
pennname@prodigy.net
*Attorney for Plaintiff Roy Munoz*


GERMER, BEAMAN & BROWN, PLLC

/s/ Roy A. Spezia
Roy A. Spezia, Esquire
301 Congress Ave., Suite 1700
Austin, TX 78701
(512) 472-0288 - Telephone
(512) 472-0721 - Facsimile
rspezia@germer.austion.com
*Attorney for FCA US LLC*


MONTGOMERY AND ANDREWS
Seth C. McMillan
325 Paseo de Peralta
Santa Fe, New Mexico 87504
Phone: (505) 986-2519
Fax: (505) 982-4289
smcmillan@montand.com
*Attorney for FCA US LLC*

**EXHIBIT "A"**

**WRITTEN ASSURANCE**

STATE OF NEW MEXICO

BERNALILLO COUNTY

I, _____, hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of the Protective Order of _____, 20__, in *Roy Munoz v. FCA US LLC,* that I have been given a copy of and have read the Protective Order and understand its terms. I further agree that I shall not disclose to others, except in accordance with that Protective Order, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they are produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of the legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure. Further, I agree to subject myself to the jurisdiction of the «Jurisdiction» in and for any contempt proceeding or other appropriate sanctions as the Court may deem proper for a violation of the Court's Protective Order.

_____

Subscribed and sworn to before me this _____ day of _____, 20__.

_____

NOTARY PUBLIC

## Weinstein Tippets & Little LLP

From:  Tony Horvat (thorvat@nmbar.org)

To:     pennname@prodigy.net

Date:  Tuesday, November 5, 2019, 3:05 PM MST

James:

David B. Weinstein, Deborah A. Clinebell and Alexcis Nell from the firm of Weinstein Tippets & Little LLP are listed in our database. I suspect that they are practicing here Pro Hac Vice. If you wanted specifics about what cases they may be involved with, you can contact Pam Zimmer of our staff, pzimmer@nmbar.org or call her at 797-6092.

Best to you,

**Tony Horvat**
***Customer Service/Facilities Coordinator, State Bar of New Mexico***
5121 Masthead NE, Albuquerque, NM 87109 | PO Box 92860, Albuquerque, NM 87199
(505) 797-6085 | Fax (505) 797-6098 | **tonyh@nmbar.org** | **www.nmbar.org**

**EXHIBIT 4**



UNITED WE STAND



RECEIVED

NOV 1 2 2019

CLERK'S OFFICE
U.S. DISTRICT COURT

11/5/15



Law Offices of *James P. Lyle, P.C.*

1116 2nd Street NW · Albuquerque, NM 87102

Clerk's Office
United States District Court
Eastern District of Michigan
231 W. Lafayette Blvd., Rm 599
Detroit, MI  48226